O



I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL. POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 1-4-12

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ALFREDO TORRES,

    Petitioner,

vs.

LINDA SANDERS, Warden,

    Respondent.

Case No. CV 11-7830-DMG (RNB)

ORDER ACCEPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AND DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY

On November 2, 2011, the assigned Magistrate Judge issued a Report and Recommendation herein. The Magistrate Judge recommended that this action be summarily dismissed without prejudice for lack of jurisdiction based on his finding that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 did not fall within the scope of the "savings clause" of 28 U.S.C. § 2255.

In response to the Report and Recommendation, petitioner filed a document on December 5, 2011 that was captioned as a "Motion to Vacate Order Pursuant to Rule 36, In Pari Materia to Rule 60(b) Fed. R. Civ. Proc." and a "Notice of Appeal." Since this Court has not yet issued an Order accepting the Magistrate Judge's findings and recommendation, petitioner's purported "Notice of Appeal" is premature and does not qualify as a notice of appeal to which Fed. R. App. P. 4(a)(2) would apply. Indeed, petitioner was expressly advised in the Notice of Filing Magistrate Judge's Report

and Recommendation that the Report and Recommendation of a Magistrate Judge is not a final appealable order and that a Notice of Appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of a Judgment and/or Order by the District Judge.

Moreover, neither Fed. R. Crim. P. 36 nor Fed. R. Civ. P. 60(b) have any applicability to the determination of whether the Court has jurisdiction over petitioner's § 2241 habeas petition. Accordingly, the Court will construe petitioner's filing solely as (a) his objections to the Report and Recommendation, and (b) his request for a Certificate of Appealability ("COA").

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records on file, and the Magistrate Judge's Report and Recommendation. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. Based on that review, the Court accepts the Magistrate Judge's findings and recommendation. IT THEREFORE IS ORDERED that Judgment be entered summarily dismissing this action without prejudice for lack of jurisdiction.

In Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001), the Ninth Circuit held that a COA is required where, as here, a federal prisoner raises claims in § 2241 challenging the legality of his underlying conviction and sentence, as opposed to the execution of his sentence. See also Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir.) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 petition, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]."), cert. denied, 129 S. Ct. 254 (2008).

Since the Court is dismissing the Petition on procedural grounds without reaching the merits of petitioner's substantive claims, the Court's determination of whether a COA should issue here is governed by the Supreme Court's decision in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). See United States v. Martin, 226 F.3d 1042, 1046 n.4 (9th Cir.), cert. denied, 532 U.S.

1002 (2001). In Slack, the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. As the Supreme Court further explained:

> "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

Here, the Court finds that petitioner has failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Accordingly, petitioner's request for a COA is denied.

DATED:  12/29/11

                                                                         *Dolly M. Gee*
                                                                         DOLLY M. GEE
                                                                         UNITED STATES DISTRICT JUDGE

3